IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY

UNITED STATES OF AMERICA

v.   CRIMINAL NO. 5:22-cr-00046-13

DONTE WEBSTER

**SENTENCING MEMORANDUM OF THE UNITED STATES**

Defendant Donte Webster ("Webster") straw purchased 13 firearms as part of a major gun trafficking conspiracy in which members of the conspiracy trafficked over 140 firearms to date from the Beckley, West Virginia area primarily to Philadelphia, Pennsylvania.  A guideline sentence would adequately reflect the serious nature of his crime and should serve to deter him and others from engaging in straw purchasing and gun trafficking, which has led to disastrous consequences in the instant case.

**I.      Objections to Presentence Report**

The United States has no objections to the presentence report ("PSR").  Webster objected to the Probation Officer not awarding him acceptance of responsibility pursuant to U.S.S.G. §3E1.1 but his objection should be overruled.  While Webster did plead guilty pursuant to a plea agreement to the instant offense, he has been charged with assisting his girlfriend in a scheme to import drugs and other contraband into Southern Regional Jail, where he had been housed at the time on the instant charge.  He has been charged by the State of West Virginia for Aiding Escape and other Offenses Relating to Adults in Custody or Confinement and Conspiracy in Raleigh County Circuit Court.  Because he ceased to engage in criminal conduct after pleading, and chose instead to actively engage in such egregious criminal conduct after already pleading to a serious federal firearms trafficking related offense, he should not be awarded acceptance of responsibility as further outlined in U.S.S.G. §3E1.1.

## II. Nature and Circumstances of the Offense

Webster was a straw purchaser of several firearms which were trafficked in connection with the interstate firearm trafficking scheme. One of the firearms he purchased have been recovered at a crime scene in Philadelphia. The original Indictment charged Bisheem Jones, Derrick Woodard, Shyheem Woodard-Smith, Hassan Abdullah, Denise Johnson, Shakyrah Ross, Tyana Bly, Stephanie Cohernour, Maurice Johnson, Arileah Lacy, Terri Lawhorn, Lakeshia Nicole Simon, and other known and unknown conspirators with being involved in a scheme to unlawfully enrich themselves by obtaining firearms in West Virginia for resale in Philadelphia, Pennsylvania. Seven other defendants involved in the scheme pled guilty to Informations charging them with offenses related to the straw purchasing or illegal transfer of firearms: Brandon Lawson, Megan Bickford, Michelle Grim, Jaleel Delaney, Dejaha Morris, Sequoyah Swain, and Kyla Gilbert.

From mid-2020 through mid-2021, Jones worked with fellow gun traffickers Woodard, Woodard-Smith, and Abdullah and either directly solicited individuals to purchase firearms on their behalf, or used recruiters like Ross, Denise Johnson, Lawson, and Swain to do so. In the process of purchasing firearms from Federal Firearms Licensees ("FFLs") in and around the Beckley, West Virginia area, straw purchasers—including Bickford, Bly, Cohernour, Delaney, Gilbert, Grim, Maurice Johnson, Lacy, Morris, and Simon—falsely certified on Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") Form 4473 that they were the actual buyers of firearms, when, in fact, they knew they were purchasing firearms for the gun traffickers.

Jones, who was the ringleader of the scheme, would give the recruiters or straw purchasers money either through Cash App, a mobile payment service, wire transfer, or sometimes in cash, so they could pay for the firearms purchased at FFLs in West Virginia. Jones would also compensate these individuals for their roles in the scheme. Jones, Woodard, Woodard-Smith, and Abdullah would often accompany the straw purchasers to the FFLs. Jones and his co-conspirators

trafficked over 140 firearms as part of the scheme, 45 of which have been recovered at crime scenes primarily in Philadelphia.

### III. Statutory Objectives

A guideline sentence is needed to reflect the seriousness of the offense, provide a just punishment, as well as to afford general and specific deterrence against such criminal activity. Such a sentence is necessary to capture the full range of Webster's conduct.

### IV. Sentencing Options

Webster faces a statutory maximum of 5 years for his conduct.

### Conclusion

For the foregoing reasons, the United States requests that the Court sentence Webster to a guideline sentence.

Respectfully submitted,

UNITED STATES OF AMERICA

WILLIAMS S. THOMPSON
United States Attorney

By: */s/ Negar M. Kordestani*
NEGAR M. KORDESTANI
Assistant United States Attorney
WV Bar No. 13784
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
Email: negar.kordestani@usdoj.gov

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "SENTENCING MEMORANDUM OF THE UNITED STATES" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing on this 27th day of October, 2022.

/s/ *Negar M. Kordestani*
NEGAR M. KORDESTANI
Assistant United States Attorney
WV Bar No. 13784
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone:  304-345-2200
Fax: 304-347-5104
Email:  negar.kordestani@usdoj.gov